[Cite as *State v. Cheek*, 2018-Ohio-2807.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO.  8-17-54

     v.

NICHOLAS CHEEK, JR.,                 O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-07-0226

Judgment Affirmed

Date of Decision:   July 16, 2018

APPEARANCES:

    *Samantha L. Berkhofer* for Appellant

    *Sarah J. Warren* for Appellee

**ZIMMERMAN, J.**

{**¶1**} Defendant-appellant, Nicholas Cheek Jr. ("Cheek"), appeals the November 21, 2017 judgment entry of the Logan County Common Pleas Court sentencing him to eighteen months in prison. On appeal, Cheek argues that the trial court failed to follow the sentencing criteria set forth in Ohio Revised Code Chapter 2929. For the reasons set forth below, we affirm the judgment of the trial court.

*Facts and Procedural History*

{**¶2**} On July 11, 2017, Cheek was charged with one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree. The indictment included Cheek's previous conviction of domestic violence on December 10, 2003, in the Champaign County Common Pleas Court Case No. 2003CR141 (Doc 4), which enhanced his charge to a felony four.

{**¶3**} At his arraignment on July 14, 2017, Cheek entered a plea of not guilty. (Doc. 11). However, on September 21, 2017, Cheek withdrew his guilty plea at a change of plea hearing in the trial court. At that hearing, Cheek acknowledged executing a Petition to Enter a Guilty or No Contest Plea, which was admitted into evidence (Exhibit A), and entered a plea of no contest. (Doc. 41). The trial court accepted Cheek's no contest plea, found him guilty of domestic violence, and ordered a Pre-Sentence Investigation. (*Id.*)

{¶4} A sentencing hearing was held in the trial court on November 20, 2017, wherein Cheek was sentenced to eighteen months in prison. The entry was journalized on November 21, 2017, and Cheek timely appealed, raising the following assignment of error.

**ASSIGNMENT OF ERROR**

**WHETHER THE TRIAL COURT ERRED BY FAILING TO PROPERLY FOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE 2929 AND SENTENCING DEFENDANT TO A MAXIMUM SENTENCE?**

{¶5} In his sole assignment of error, Cheek argues that the trial court erred in sentencing him to the maximum prison term. Specifically, Cheek contends that his actions did not constitute the most serious form of crime and that the trial court failed to sufficiently indicate which factors it considered, under R.C. 2929, when handing down the maximum sentence.

*Standard of Review*

{¶6} A sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ward*, 3d Dist. Crawford No. 3-17-02, 2017-Ohio-8518.

*Analysis*

**{¶7}** " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Castle*, 2nd Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶26, quoting *State v. King*, 2nd Dist. Clark No. 2012-CA-25, ¶ 45. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38.

**{¶8}** R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender". R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E). *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶22.

**{¶9}** In the case *sub judice*, Cheek was convicted of domestic violence, a felony of the fourth degree. R.C. 2929.14(A)(4) provides "[f]or a felony of the

fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months". Thus, the trial court's sentence (of 18 months) was within the statutory range for a felony of the fourth degree and was not contrary to law as argued by Cheek.

{¶10} Further, in its sentencing entry, the trial court stated that it had considered the "principles and purposes of sentencing under Ohio Revised Code §299.11" and the "need for deterrence, incapacitation, rehabilitation and restitution". (Doc. 50). The trial court, at the sentencing hearing, also stated that it considered the information provided to it in the Pre-Sentence Investigation.

{¶11} Nevertheless, Cheek argues that the trial court should have provided *more* specific reasoning as to the sentencing factors, under chapter 2929, when sentencing him. We disagree. Our review of the record reveals that the trial court clearly considered R.C. 2929.11 in its sentencing of Cheek. And, even though the trial court did not list the specific factors set forth in R.C. 2929.12 in its sentencing entry, the record reveals that the trial court considered many factors in sentencing Cheek, including: his extensive criminal history; his failure to respond to past attempts at rehabilitation; and the need to protect the public from Cheek's behavior.

{¶12} Additionally, at the sentencing hearing, after reviewing Cheek's criminal history in open court, the trial court stated:

> **"Ohio Risk Assessment Score.  And you score a 29, which is high risk.  Your criminal history is high.  Your education, employment,**

**financial situation is high. All these are high risks. Your family and social support is moderate. Your neighborhood problems are high. Substance use is - - they say moderate, but I would say it's high. Criminal attitudes are bad.**

**Looking at the recidivism, physical harm caused to persons. Yes. Attempted to cause, threaten people. Yes. Prior convictions for this. Yes. Attempted to cause or made actual threat of physical harm. Yes. Position of trust. Yes. That - - a romantic relationship. Previously been to prison.**

**The result of all this is that this PSI writer and I agree that you're not amendable to available community control sanctions. Your ORAS score is very high. You - - you've been given repeated opportunities to stay away from alcohol. Even while you were in prison, you were continuing to be a harm to people. You were disciplined while in ODRC 35 times."**

(Nov. 20, 2017 Tr. Pg. 17-18). And:

**"Sentencing an individual for a felony, there's - - the Court must weigh the overriding principles and purposes of felony sentencing, which is to punish, deter, and protect, and in this particular case, protecting the public out - - is significant.**

**Punishing you hasn't done much in the past * * ***

**The fourth-degree felonies would normally have a guidance away from sentencing someone to prison, but the Court makes a specific finding that you are not amendable to community control sanctions and a prison term is, in fact, consistent with the purposes and principles of sentencing."**

(Nov. 20, 2017 Tr. Pg. 19-20).

{¶13} Thus, we find the trial court considered multiple statutory sentencing factors as set forth in R.C. 2929. As such, Cheek has failed to demonstrate that the sentence of the trial court was clearly and convincingly contrary to law.

-6-

{¶14} Therefore, because we find the trial court considered the statutory factors and that the sentence is within the statutory range, we cannot find that the trial court erred in sentencing Cheek. Accordingly, Cheek's argument is not well-taken and his sole assignment of error is overruled.

{¶15} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Logan County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**